UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ODIE MILLER,

       Plaintiff,                            Hon. Paul L. Maloney

v.                                         Case No. 4:06 CV 116

JOSEPH M. UNDERWOOD, et al.,

       Defendants.
_____/


**REPORT AND RECOMMENDATION**

This matter is before the Court on <u>Defendant Underwood's Motion for Summary Judgment</u>. (Dkt. #28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**. The Court further recommends that Plaintiff's claims against the remaining Defendants be dismissed without prejudice for failure to timely effect service.


**BACKGROUND**

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). While being detained at the Cass County Jail, Plaintiff was bitten by a spider causing his leg to "swell to almost twice the normal size." Plaintiff subsequently received medical treatment, which consisted of "[cut]ting [Plaintiff's] leg open to get the dead tissue out." Since undergoing this procedure, Plaintiff has "not had any feeling" in his leg. Plaintiff also walks with a "terrible limp" which "is starting to cause pain in [his] back and hip." Plaintiff has sued Cass County Sheriff Joseph M. Underwood in his official capacity, alleging that Defendant Underwood failed to satisfy his obligation to keep the jail "free of insects."

Plaintiff has also sued the "medical staff" for failing to timely provide him with medical treatment. Plaintiff seeks $750,000 in damages. Defendant Underwood now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252.

Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

I.      **Plaintiff's Claim Against Defendant Underwood**

Plaintiff is suing Defendant Underwood in his official capacity. (Dkt. #1 at 4a). As the Supreme Court has observed, suits against an individual in his personal capacity "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). On the other hand, actions against an individual in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 165-66. So long as the government entity "receives notice and an opportunity to respond" to such an action, it is "to be treated as a suit against the entity. . .for the real party in interest is the entity." *Id.* at 166.

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as a plaintiff must instead allege personal involvement by a particular defendant. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"). This notion applies with equal force to claims against governmental entitles. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *Bennett v. City of Eastpointe*, 410 F.3d 810, 818 (6th Cir. 2005). A governmental entity may be held liable only when "the deprivation of constitutional rights results from an official policy or custom of the county." *Petty*, 478 F.3d 347 (citing *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978)).

To prevail in this matter, Plaintiff must satisfy two requirements. He must demonstrate that his injury was caused by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Petty*, 478 F.3d at 347 (quoting *Monell*, 436 U.S. at 694); *see also*, *Bennett*, 410 F.3d at 818-19 (same). Plaintiff must further demonstrate the existence of an "affirmative link between the policy and the particular constitutional violation alleged." *Petty*, 478 F.3d at 347 (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)); *see also*, *Bennett*, 410 F.3d at 818-19 (same). Moreover, as the Sixth Circuit has made clear, Plaintiff "has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue." *Bennett*, 410 F.3d at 819.

Defendant Underwood is entitled to summary judgment in this matter because Plaintiff has failed to present any evidence from which a reasonable person could conclude that there exists a genuine issue of fact necessitating a trial. Plaintiff has failed to identify any policy or custom the execution of which allegedly caused his injury. In fact, at his deposition, Plaintiff testified that he was not aware of any policy that Defendant Underwood violated thus causing his injury. (Dkt. #29, Exhibit 1 at 59). Even had Plaintiff identified a policy, the violation of which allegedly caused his injuries, he has failed to establish the existence of an "affirmative link between the policy and the particular constitutional violation alleged." Accordingly, the Court recommends that Defendant Underwood's motion for summary judgment be granted and Plaintiff's claims against him be dismissed.

**II.          Plaintiff's Claims Against the Cass County Jail Medical Staff**

Plaintiff initiated the present action on September 25, 2006. On October 20, 2006, the Court directed that Plaintiff's complaint be served. Service was effected on Defendant Underwood on

November 14, 2006. However, Plaintiff has yet to serve this action on the unidentified "medical staff" of the Cass County Jail. Plaintiff has not requested the Court's assistance in identifying these individuals, nor has Plaintiff requested the Court's assistance in effecting service on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, the Court recommends that Plaintiff's claims against the "medical staff" of the Cass County Jail be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

As discussed herein, the Court recommends that <u>Defendant Underwood's Motion for Summary Judgment</u>, (dkt. #28), be **granted**. The Court further recommends that Plaintiff's claims against the "medical staff" of the Cass County Jail be dismissed without prejudice for failure to timely effect service.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 3, 2008          /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge