UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODIE MILLER,
        Plaintiff,

-v-

No. 4:06-cv-116

HONORABLE PAUL L. MALONEY
HONORABLE ELLEN S. CARMODY

JOSEPH M. UNDERWOOD, et al.,
        Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on a Report and Recommendation (Dkt. No. 42) issued by the Magistrate Judge.

I. BACKGROUND

Plaintiff Miller was an inmate in the Cass County Jail when he was bitten by a spider on his leg. Plaintiff alleges claims against Sheriff Underwood and against the medical staff at the county jail. (Dkt .No. 1 - Complaint.) Plaintiff sues Defendant Underwood in his official capacity. (*Id.* at 4A.) Defendant Underwood was served with a copy of the summons and complaint in November 2006. (Dkt. No. 6 - Acknowledgment of Service.) Defendant Underwood filed an answer to the complaint on January 3, 2007. (Dkt. No. 12.) Plaintiff filed a response to the answer (Dkt. No. 13) in which he requested, among other things, the Court enter default judgment against the medical staff for failing to respond to the complaint. On January 26, 2007, Judge Richard Enslen denied (Dkt. No. 14) the motion for default judgment, explaining Plaintiff needed to determine, through discovery, the names of the individuals on the medical staff responsible so that Plaintiff might amend his complaint.

In November 2007, Plaintiff filed a motion (Dkt. No. 27) to clarify and amend his complaint.

Plaintiff requested leave to add a claim for violating his right to privacy. (*Id.*) Plaintiff also requested the Court compel Defendants to turn over information which includes "the names of all employees who work at the Cass County Jail from 11/8/04 until 12/18/04 this list should include the time that they worked and where." Defendant Underwood filed a response (Dkt. No. 32) in which he argued, among other things, Plaintiff's discovery request did not comply with FED. R. CIV. P. 26(d) and that Plaintiff never asked for the information through an interrogatory or request for production of documents. On December 28, 2007, the Magistrate Judge denied (Dkt. No. 36) Plaintiff's motion. The portion of the motion to amend the complaint was denied without prejudice because Plaintiff failed to attach a copy of the proposed amended complaint as required by local rule. (*Id.*) The portion of the motion requesting the Court to compel the production of documents was denied because there was no evidence Plaintiff ever submitted such discovery requests to Defendants. (*Id.*)

Defendant Underwood filed a motion (Dkt. No. 28) for summary judgment on December 4, 2007. Plaintiff filed discovery requests with the Court in February 2008. The docket sheet reflects the Clerk of the Court returned requests for production of documents to Plaintiff on February 4 and February 12, explaining that Plaintiff need only file proof of service. (Dkt. Nos. 38 and 39.) On March 24, 2008, Plaintiff filed a motion (Dkt. No. 41) to compel discovery, indicating that he served the discovery requests on Defendant Underwood, who failed to respond within thirty days.

On April 3, 2008, the Magistrate Judge issued a Report and Recommendation (Dkt. No. 42) recommending Defendant's motion for summary judgment be granted and the unnamed Defendants be dismissed without prejudice. On April 16, the Court received Plaintiff's motion (Dkt. No. 43)

for an extension of time to file an answer to the motion for summary judgment.[1] Plaintiff explained the motion was timely because the court order indicated he "had to respond to the Defendant [sic] motion for summary within ten (10) days."[2] (*Id.*)  The Magistrate Judge granted (Dkt. No. 45) Plaintiff's motion and gave Plaintiff until May 13, 2008 "to file objections to the Report and Recommendation issued April 3, 2008."  The Court received Plaintiff's response (Dkt. No. 46) to the motion for summary judgment on May 16, 2008.

II.  LEGAL FRAMEWORK

After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Failure to file an objection results in a waiver of the issue and the issue cannot be appealed.  *Sullivan*, 431

---

[1]The motion was dated April 10, 2008 and Plaintiff explained he received the Report and Recommendation on April 8.

[2]The R&R stated Plaintiff had ten days to file objections, not ten days to file an answer to the motion for summary judgment.  (R&R at 5.)

F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This situation is complicated by Plaintiff's failure to timely respond to Defendant Underwood's motion for summary judgment. Plaintiff sought an extension of time to file a response after the Magistrate Judge issued the R&R. The Magistrate Judge granted Plaintiff's motion, but allowed Plaintiff additional time not to file a response, but to file objections to the R&R. Plaintiff opted to address the motion, not the R&R. Plaintiff has had the benefit of time to read and review both Defendant's motion as well as the R&R. The Court will treat Plaintiff's response as an objection to the R&R. Plaintiff thus receives the benefit of a *de novo* review of the motion and his response.

III. ANALYSIS

A. Defendant Underwood.

Plaintiff's allegations against Defendant Underwood are brought under section 1983. (Defendant's Motion at ¶ 1; Plaintiff's Response at ¶ 1; R&R at 3.) Such a claim must establish a deprivation of constitutional rights resulting from an official policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-692 (1978); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007). The Magistrate Judge recommends granting Defendant's motion because Plaintiff failed to identify any official policy or custom which, upon execution, allegedly caused his injury. (R&R at 4.) In his response, Plaintiff asserts " Sheriff Underwood had a duty to keep the jail exterminated and free of insects and any other pest that can cause harm to anyone. At my deposition, I indicated that Defendant violated my constitutional right to be held in sanitary

4

conditions." (Plaintiff's Response - Affidavit in Support at 4.) Plaintiff further asserts "there is evidence that Cass County's policy and practice of placing inmate in cell that are infested with insect that can cause injury such as the Plaintiff's Deprives the Plaintiff of his constitutional right to housed under sanitary condition as granted by the Eight Amendment." (Plaintiff's Response - Brief at 1.)

Plaintiff's assertion fails to demonstrate that his injury was caused by the execution of a government policy or custom. Plaintiff has the burden of establishing the existence of an unconstitutional policy or custom and demonstrating the link between the policy and the alleged injury. *Bennett v. City of East Point*, 410 F.3d 810, 819 (6th Cir. 2005). To survive a motion for summary judgment, allegations will not suffice; the party with the burden of proof at trial must point to concrete evidence supporting his or her claims and establishing the existence of a genuine issue of fact. *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff has offered no evidence creating a genuine issue of material fact that Defendant has an official policy of placing inmates in insect infested cells or that he has sanctioned such action. Neither has Plaintiff presented any evidence that Defendant has a custom of such conduct. At best, Defendant has asserted that he was placed in a cell by agents of Defendant Underwood and that his cell had insects in it. Such assertion is insufficient to establish an official policy or custom.

    B. Unnamed Defendants on the Medical Staff

The Magistrate Judge recommends dismissing the action against the unnamed members of the medical staff under FED. R. CIV. P. 4(m). (R&R at 5.) Under Rule 4(m), a court on its own initiative or upon motion, after notice to the plaintiff, shall dismiss the case without prejudice if service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint. For good cause shown, a court shall extend the time for service for an appropriate

period. FED. R. CIV. P. 4(m). Plaintiff's response neglects to answer this portion of the R&R. Accordingly, the Magistrate Judge's recommendation on this issue is accepted. The Court notes Plaintiff's various misplaced attempts at discovery on this issue. Those attempts came more than one year after the complaint was filed.

IV. CONCLUSION

The Report and Recommendation is accepted. Plaintiff failed to establish that there is a genuine issue of material fact as to whether his injury was caused by the execution of some official policy or custom. Plaintiff also failed to timely serve a copy of the summons and complaint on the appropriate medical staff at the jail. Plaintiff did not diligently pursue discovery on that issue and has not moved for an extension of time to serve the complaint. Plaintiff also failed to object to that portion of the R&R.

ORDER

The Report and Recommendation (Dkt. No. 42) is **ACCEPTED OVER OBJECTIONS**. Defendant Underwood's motion (Dkt. No. 28) for summary judgment is **GRANTED.** The allegations in the complaint against Defendant Underwood are **DISMISSED WITH PREJUDICE.** The unknown members of the medical staff alluded to in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m). This action is **TERMINATED. IT IS SO ORDERED.**

Date:   September 15, 2008                           /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                   Chief, United States District Judge